IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRILL, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KAITECH, LLC d/b/a KAITECH AUTOMATION<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT OF BRILL, INC.

Plaintiff Brill, Inc. ("Brill"), through its counsel, hereby files this Complaint against KaiTech, LLC, formerly known as Kaizen Food Tek LLC, d/b/a KaiTech Automation ("KaiTech"), demands a jury trial on the claims set forth herein, and avers as follows:

### Parties

1. Brill is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia and located at 1912 Montreal Road, Tucker, DeKalb County, Georgia 30084.

1

2. Brill is a leading manufacturer of bakery ingredients and products serving retail bakeries and foodservice operators across North America.

3. KaiTech is a limited liability company organized under the laws of the State of Idaho.

4. Upon information and belief, based on KaiTech's Annual Report filed with the Idaho Secretary of State on July 12, 2022, KaiTech's sole member is Jerel Nelson, who, upon information and belief, is a citizen of the State of Idaho.

5. KaiTech designs and manufactures automated industrial equipment for the food and beverage industry.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, as there is complete diversity in citizenship among the parties and the amount in controversy is over $75,000.

7. This Court has personal jurisdiction over KaiTech as (1) KaiTech has contractually consented to exclusive jurisdiction in the state and federal courts situated within Fulton County, Georgia for the resolution of the present dispute and (2) KaiTech has transacted business in this State with Brill with respect to those agreements and transactions that are the subject of this dispute.

8. Venue is proper in this forum as KaiTech has contractually consented to exclusive jurisdiction in the state and federal courts situated within Fulton County, Georgia for the resolution of the present dispute.

**Factual Allegations**

9. Brill operates a bakery in Colton, California (the "Colton Facility").

10. The Colton Facility produces, among other things, loaf cakes, which are sliced and packaged for retail sale.

11. Brill and KaiTech entered a written agreement (the "Agreement") whereby Brill agreed to purchase, and KaiTech agreed to design and provide, an automated system for the loading and packaging of fresh sliced loaf cakes on two separate production lines (the "Loaf Cake Loading Systems").

12. Each production line was to consist of two machines. The first machine is known as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The second machine was intended to ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13. The Agreement between Brill and KaiTech consists of two documents: (1) Proposal 12172020rev10, attached hereto under seal as <u>Exhibit A</u>, which contains, *inter alia*, the technical details of the machines, KaiTech's "performance guarantee" regarding performance of the machines, and KaiTech's quote for the

3

Loaf Cake Loading Systems, and (2) Purchase Order 4200187700 issued against the quote, attached hereto under seal as Exhibit B, which contains, *inter alia*, Brill's standard conditions of purchase.

14. According to the Agreement, the Loaf Cake Loading Systems would, *inter alia*, ███████████████████████████████████████████ ██████.

15. Further, according to the Agreement, the Loaf Cake Loading Systems would have a product throughput of ██ clamshells a minute per line.

16. Each Loaf Cake Loading System was to consist of two machines for each production line for ████████████████████████████████████████ ████████████████████████████████. See Exh. B.

17. The Agreement warranted that the Loaf Cake Loading Systems would have an uptime performance of at least ████.

18. As the result of change orders and taxes, the total cost of the Loaf Cake Loading Systems increased to $████████████.

19. Brill (i) paid directly to KaiTech $████████ toward the full purchase price of the Loaf Cake Loading Systems, (ii) paid an additional $█████ in costs and expenses associated with the Loaf Cake Loading Systems (*e.g.*, taxes

4

and payments to other contractors associated with the project), and (iii) has otherwise fully performed its obligations under the Agreement.

20. In November 2021, KaiTech delivered to the Colton Facility the first of the two systems comprising the Loaf Cake Loading Systems.

21. Upon installation, the delivered Loaf Cake Loading System did not meet KaiTech's "performance guarantee" set forth in the Agreement and was otherwise defective.

22. KaiTech's defective Loaf Cake Loading System resulted in lost days-on-hand for Brill.

23. In short, the Loaf Cake Loading System is unusable and does not perform the job that KaiTech represented it would and for which Brill paid KaiTech substantial sums.

24. Among other issues, the installed Loaf Cake Loading System consistently failed to attain the agreed-upon throughput rate of ▮ clamshells a minute per line and experienced an uptime performance materially lower than ▮

25. Each of these issues constitutes a breach of the Agreement or the warranties contained therein.

26. Due to these issues, Brill removed the installed Loaf Cake Loading System from service after a few weeks and refused delivery of the second Loaf Cake

Loading System, which was Brill's right under the Agreement.  *See* <u>Exh. B</u>, at 3, para. 22.

27.     Prior to filing this lawsuit, on or about July 8, 2022, Brill (through counsel) requested of KaiTech a detailed explanation from KaiTech of the reason or reasons why the Loaf Cake Loading Systems did not work and the work KaiTech intended to undertake to correct the issue or issues.  A copy of the July 8, 2022 correspondence is attached hereto as <u>Exhibit C</u>.

28.     KaiTech did not respond to Brill's request.

29.     Further efforts by Brill or KaiTech to attempt to remedy the defects in the Loaf Cake Loading Systems would only result in further lost days-on-hand and missed commitments to customers.

30.     Brill has suffered damage as a result of KaiTech's conduct, including but not limited to lost days-on-hand for Brill, increased operator costs, payments toward the purchase price of the defective Loaf Cake Loading Systems, costs and expenses paid to third parties incurred in relation to the defective Loaf Cake Loading Systems, costs associated with missed customer commitments, lost profits, and other compensatory, incidental, consequential, and general damages in an amount to be determined at trial.

## COUNT I: BREACH OF CONTRACT

31. Brill incorporates its allegations contained in Paragraphs 1 through 30 of this Complaint as specifically set forth and incorporated herein.

32. Brill and KaiTech entered the Agreement.

33. Subject to alternative Count III, the Agreement is a valid and enforceable contract supported by adequate consideration.

34. The Agreement obligated KaiTech to design and to provide the Loaf Cake Loading Systems according to certain specifications, including that they would have a product throughput rate of ▮ clamshells a minute per line.

35. KaiTech breached the Agreement by taking Brill's money and then failing to provide Brill with what Brill ordered from KaiTech.

36. KaiTech breached the Agreement by failing to design and provide Loaf Cake Loading Systems according to such specifications, including by providing a Loaf Cake Loading System with a product throughput rate materially lower than ▮ clamshells a minute per line and with an uptime performance of less than ▮

37. Brill suffered damage as a result, including increased operator costs, payments toward the purchase price of the defective Loaf Cake Loading Systems, and other compensatory, incidental, and consequential damages in an amount to be proven at trial.

38. Brill is entitled judgment in the form of monetary damages, interest, and costs as a result of KaiTech's breach of the Agreement.

## COUNT II: BREACH OF WARRANTY

39. Brill incorporates its allegations contained in Paragraphs 1 through 38 as specifically set forth and incorporated herein.

40. In the Agreement, KaiTech warranted that the products delivered to Brill pursuant to the Purchase Order ███████████████████████████ ███████████████████████████████████████████████ ██████████████████████ Exh. B, at 2, para. 12(h).

41. Still further, in the Agreement, KaiTech warranted that the products delivered to Brill pursuant to the Purchase Order ████████████████████████ ██████████████████████ Exh. B, at 2, para. 12(i).

42. In the Agreement between Brill and KaiTech, KaiTech expressly warranted that the Loaf Cake Loading Systems would have an uptime performance of at least ████.

43. Subject to alternative Count III, these warranties and the Agreement containing them are valid, enforceable, and supported by adequate consideration.

44. Notwithstanding the express warranties, the installed Loaf Cake Loading System contained defects in material and workmanship, lacked

merchantable quality, failed to conform to specification furnished by Brill, and was not fit for the particular purposes for which Brill was to apply it.

45. Furthermore, notwithstanding the express warranties, the installed Loaf Cake Loading System had an uptime performance materially lower than █.

46. Brill suffered damage as a result, including increased operator costs, payments toward the purchase price of the defective Loaf Cake Loading Systems, and other compensatory, incidental, and consequential damages in an amount to be proven at trial.

47. Brill is entitled judgment in the form of monetary damages, interest, and costs as a result of KaiTech's breach.

## ALTERNATIVE COUNT III: UNJUST ENRICHMENT

48. Brill incorporates its allegations contained in Paragraphs 1 through 47 of its Complaint as specifically set forth and incorporated herein.

49. Brill conferred a benefit to KaiTech in the amount of payments toward the purchase price for the Loaf Cake Loading Systems.

50. The payments conferred by Brill to KaiTech were not gratuitous but instead took place in the context of negotiations between sophisticated parties regarding the purchase of specialized industrial equipment, which provided KaiTech

the opportunity to reject the payments by declining to enter the agreed-upon arrangement.

51. The transfer of the payments by Brill to KaiTech resulted in Brill's impoverishment and KaiTech's enrichment.

52. The enrichment to KaiTech was unjust insofar as KaiTech failed to compensate Brill for the enrichment, including by failing to provide the goods and services for which KaiTech knew the payments were intended.

53. Under such circumstances, it is inequitable for KaiTech to retain the benefit of Brill's payments.

54. To the extent the Agreement is invalid for any reason, Brill lacks an adequate remedy at law.

55. Brill suffered damage as a result, including payments toward the purchase price of the defective Loaf Cake Loading Systems.

56. Brill is entitled judgment in the form of restitution, interest, and costs as a result of KaiTech's unjust enrichment.

### COUNT IV: ATTORNEY'S FEES AND EXPENSES

57. Brill incorporates its allegations contained in Paragraphs 1 through 56 of its Complaint as specifically set forth and incorporated herein.

58. The Agreement is governed by Georgia law. *See* Exh. B, at 3, para. 19.

59. KaiTech has acted in bad faith by accepting and withholding Brill's money and providing a substandard, defective, and unusable product.

60. KaiTech has caused Brill to undertake the unnecessary trouble and expense of hiring attorneys to demand appropriate treatment of Brill and to ultimately file this lawsuit.

61. As a result of the actions and inactions of KaiTech, Brill is entitled to judgment against KaiTech for its reasonable attorneys' fees and costs of litigation under O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brill, Inc. requests the Court enter judgment in its favor against KaiTech, LLC on its Complaint as follows:

a) Awarding Brill compensatory, incidental, and consequential damages, prejudgment and post-judgment interest, and attorney's fees and litigation costs for KaiTech's breach of the Agreement and the warranties contained therein; OR

b) In the alternative, ordering the rescission of the Agreement and awarding Brill restitution of the payments made toward the Agreement's purchase price as well as compensatory, incidental, consequential, and general damages, prejudgment and post-judgment

interest, and attorney's fees and litigation costs for KaiTech's unjust enrichment; AND

c) Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of December 2022.

> */s/ Brian M. Underwood, Jr.*
> BRYAN CAVE LEIGHTON PAISNER LLP
> Luke A. Lantta (Ga Bar 141407)
> Brian M. Underwood, Jr. (Ga Bar 804091)
> One Atlantic Center, 14th Floor
> 1201 West Peachtree Street, NW
> Atlanta, Georgia 30309
> Telephone:  404-572-6600
> Facsimile:   404-572-6999
> luke.lantta@bclplaw.com
> brian.underwood@bclplaw.com
>
> *Attorneys for Plaintiff*

## Local Rule 7.1(D) Certification of Compliance

I hereby certify that the foregoing pleading has been prepared Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1, N.D. Ga.

This 9th day of December 2022.

> */s/ Brian M. Underwood, Jr.*
> Brian M. Underwood, Jr.
> Ga. Bar 804091